

FILED
MAR 28 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TABITHA B.,

        Plaintiff,

v.                          CIVIL ACTION NO. 2:21-cv-555

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Tabitha B.'s [1] ("Plaintiff") Objection to the Report and Recommendation ("R & R") of the Magistrate Judge ("Objection") dated December 22, 2022. Pl.'s Obj. R & R, ECF No. 20 ("Pl.'s Obj."). For the reasons set forth below, the Court will overrule Plaintiff's Objection and the Magistrate Judge's Report and Recommendation is **ADOPTED**. Accordingly, Plaintiff's motion for summary judgment, ECF No. 14, is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, ECF No. 16, and the decision of the Acting Commissioner ("Defendant") is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report and Recommendation and the Administrative Record. *See* R. & R. Dec. 22, 2022, ECF No. 19 ("R & R"); Administrative Record, ECF No. 11 ("R"). This case involves Plaintiff's claims for disability benefits ("DIB") and supplemental security income ("SSI") benefits

---

[1] In accordance with a committee recommendation of the Judicial Conference, plaintiff's last name has been redacted for privacy reasons. Comm. On Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (2018).

under Titles II and XVI of the Social Security Act. *See* R. On January 21, 2021, an Administrative Law Judge ("ALJ") issued a written opinion finding that Plaintiff did not qualify for disability benefits. R. 7. The ALJ followed the sequential five-step analysis outlined in 20 C.F.R. § 404.1520(a) to evaluate Plaintiff's disability claim. *Id.*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity as of May 16, 2018, the alleged onset date. *Id.* at 13. At step two, the ALJ found that Plaintiff disorders of schizoaffective disorder, generalized anxiety disorder, obsessive compulsive disorder, panic disorder, major depressive disorder, borderline personality disorder, cannabis use disorder, attention deficit hyperactivity disorder (ADHD), diabetes mellitus, mild lumbar facet arthropathy, obesity, possible patellar tendon condylar friction syndrome, and neuropathy constituted sever impairments. *Id.* at 13-14. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the severity of the listed impairments in the applicable regulation. *Id.* at 14-17. At step four, the ALJ proceeded to determine Plaintiff's residential functional capacity ("RFC"), concluding that Plaintiff was able to perform limited light work. *Id.* at 17-27. The ALJ found that Plaintiff could not perform past relevant work ("PRW") as a telephone operator. *Id.* at 27. The ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity jobs existed in significant numbers in the national economy that the Plaintiff could perform. *Id.* at 27-28. Ultimately, the ALJ found that the Plaintiff had not been under a disability from November 20, 2015 though the date of the decision. *Id.* at 28-29.

On February 24, 2022, Plaintiff brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of the decision of the Commissioner of Social Security. Pl.'s Mot. Summ. J., ECF No. 14. By order filed on April 18, 2022, this action was referred to United

States Magistrate Judge Robert J. Krask ("Judge Krask") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[2] On December 22, 2022, Judge Krask filed his R & R, recommending that Plaintiff's Motion for Summary Judgment be denied, Commissioner's Cross Motion for Summary Judgment be granted, and the decision of the ALJ be affirmed. R & R. On January 4, 2023, Plaintiff filed an objection to Judge Krask's R & R, claiming that Judge Krask erred in finding that substantial evidence existed to support the ALJ's decision determining that Plaintiff has the residual functional capacity to perform a limited range of light work and sedentary work. *See* Pl.'s Obj. On January 17, 2023, the Commissioner filed a Response to Plaintiff's Objection. Def.'s Response to Pl.'s Obj. R & R, ECF No. 21. Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where de novo review is appropriate, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz,* 447 U.S. 667, 675 (1980). In other words, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may "accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see Halloway v. Bashara,* 176 F.R.D. 207, 209-10 (E.D. Va. 1997).

---

[2] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

3

However, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review" and the Court need only review the R & R for "clear error." *Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019) (citations omitted); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations omitted).

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [a magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge."). Under *de novo* review, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions. *See Halloway v. Bashara*, 176 F.R.D. 207, 209–10 (E.D. Va. 1997); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."). When conducting this "*de novo* determination," a district court judge must give "fresh consideration" to the relevant portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than

4

a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation that substantial evidence existed to support the ALJ's decision determining that Plaintiff had the residual functional capacity to perform a limited range of light work and sedentary work. Pl.'s Objs. at 1-2. Specifically, Plaintiff argues that when State Agency Physician Joseph Duckwall, M.D. reviewed the Plaintiff's medical record the Plaintiff had previously been treated in the emergency room on five occasions for uncontrolled diabetes and the review was conducted before Plaintiff received hospital treatment on four more occasions. *Id.* at 2. Plaintiff contends that these hospitalizations would have resulted in her missing more than one day of work per month which would have disqualified her from competitive employment according to the testimony given by Vocational Expert Patricia Murphy. *Id.* at 4. Defendant argues that Plaintiff's objection only "reiterates her summary judgment argument that the ALJ erred in finding state agency medical consultant Dr. Duckwall's report persuasive to the extent it determined Plaintiff could perform a range of light work." Def.'s Response to Pl.'s Obj. R & R. ECF No. 21.

To the extent that Plaintiff merely restates her summary judgment arguments, Plaintiff's Objection will only be reviewed for clear error. *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). In her summary judgment motion, Plaintiff argues that substantial evidence that Plaintiff had "residual functional capacity to engage in a limited range of unskilled

5

light work and unskilled sedentary work" did not exist. Pl.'s Mot. Summ. J. at 6-7. Plaintiff further argues that the ALJ failed to conduct a thorough analysis of how multiple hospital treatments would interfere with Plaintiff's ability to engage in full-time employment. *Id.* Plaintiff argued that the multiple absences from work would disqualify Plaintiff from full-time employment. *Id.* at 7.

In her instant objection to the R&R, Plaintiff argues "the ALJ's conclusion that the Plaintiff had the RFC to engage in a limited range of light work and sedentary work was not supported by substantial evidence." Pl.'s Objs. Specifically, Plaintiff argues that when State Agency Physician Joseph Duckwall, M.D. reviewed the Plaintiff's medical record Plaintiff had previously been treated in the emergency room on five occasions for uncontrolled diabetes and the review was conducted before Plaintiff received hospital treatment on four more occasions. *Id.* at 2. Ultimately Plaintiff argues that these hospitalizations would have resulted in her missing more than one day of work per month which would have disqualified her from competitive employment according to the testimony given by Vocational Expert Patricia Murphy. *Id.* at 4. This is a restatement of her summary judgment argument. *United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007) (explaining that a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review); *see also Nichols,* 100 F. Supp. 3d at 497. The Court concludes that Plaintiff's objection to the R & R appears to rehash her summary judgment argument and rejects such rehashing.

Yet, even if Plaintiff had raised a proper objection, the Court would nonetheless find that the Magistrate Judge thoroughly considered Plaintiff's argument and properly rejected it. Judge Krask fully reviewed Plaintiff's contention and subsequently concluded that the "ALJ considered plaintiffs uncontrolled diabetes, treatment for her condition in the emergency department, and [vocational expert] testimony regarding permitted absences from work when determining plaintiffs

6

RFC" and therefore, substantial evidence supported the ALJ's opinion that Plaintiff was capable of a limited range of light or sedentary work. R&R at 33. Judge Krask found that the ALJ relied on all the relevant evidence in the record "including plaintiff's subjective statements, the emergency room records, records from plaintiff's physical therapist, endocrinologist, orthopedist, neurologists, primary care doctor, psychiatrists, medical opinions, and the prior unfavorable ALJ decision" to determine Plaintiffs RFC. R&R at 32. (citing R. 17-27)

Judge Krask found Plaintiff's argument unconvincing because Plaintiff was treated in the emergency department on five occasions before Dr. Duckwall's review of the record, including one visit that required admission and treatment overnight. R&R at 32. Plaintiff was treated in the emergency department on four occasions after Dr. Duckwall's review of the record, including three visits that required admission and treatment overnight. R&R at 33; R. 19-20. The record reflects that Dr. Duckwall referenced that Plaintiff's diabetes "remains uncontrolled due to non-compliance with diet and medication," thus factoring in Plaintiff's diabetic condition when opining on her limitations. R&R at 33; R. 140. Judge Krask found that the opinions of the state agency physicians, including Dr. Duckwall's opinion, remained valid following evidence of four additional emergency department visits involving similar symptoms and treatments to the five visits already reviewed. R&R at 33. Moreover, the ALJ addressed Plaintiff's treatments in the emergency department for diabetes, finding Plaintiff "was able to be stabilized each time and she was released to outpatient follow up care." R. 19. Specifically at step two the ALJ found that there was "no evidence of any significant lasting complications" with respect to Plaintiff's diabetic condition. R. 15. Substantial evidence only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek*, 139 S. Ct. at 1154. In short, the Court

7

finds no evidence to support Plaintiff's contention that Judge Krask committed any error. *Veney*, 539 F. Supp. 2d at 846. Thus, Plaintiff's Objection is overruled.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R. & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's objection. Therefore, the Court **OVERRULES** Plaintiff's Objection, ECF No. 20, to Judge Krask's Report and Recommendation. Furthermore, the Court has reviewed the remainder of the R & R along with the record of this case and finds no clear error. For these reasons, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on December 22, 2022. ECF No. 19. Accordingly, Plaintiff's motion for summary judgment, ECF No. 14, is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, ECF No. 16, and the Final Decision of the Acting Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Acting Commissioner. This case is **DISMISSED** with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 28, 2023

Raymond A. Jackson
United States District Judge